UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER KRAMER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOBYTEL, INC., a Delaware corporation, and B2MOBILE, LLC, a California limited liability company,<br><br>Defendants. | No. _____<br><br>**COMPLAINT – CLASS ACTION**<br><br>JURY TRIAL DEMANDED |

Plaintiff Kramer makes the following allegations based on personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief based on investigation of counsel.

**NATURE OF THE ACTION**

1. Plaintiff Christopher Kramer brings this class action complaint against Defendants Autobytel, Inc. d/b/a MyRide.com ("Autobytel") and B2Mobile, LLC ("B2Mobile") to stop Defendants' practice of making unsolicited text message calls to cellular telephones and to obtain redress for himself and other persons injured by Defendants' conduct.

2. In an effort to promote its automotive products to consumers, Autobytel, the proprietor of one of the nation's largest automotive referral services, engaged B2Mobile, a text

COMPLAINT
No. _____                                        - 1 -                        LAW OFFICES OF
                                                                                CLIFFORD A. CANTOR, P.C.
                                                                                627 208th Ave. SE
                                                                                Sammamish, WA  98074-7033
                                                                                Tel: (425) 868-7813 ● Fax: (425) 868-7870

message marketer, to conduct an especially pernicious form of marketing: the transmission of unauthorized advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

3. By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendants have caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

4. In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited voice and text calls to cell phones.

5. On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

**PARTIES**

6. Plaintiff Christopher Kramer is a resident of Illinois.

7. Defendant AutoBytel is a Delaware corporation which maintains its principle place of business in California. It does business throughout Washington State, including this District.

8. Defendant B2Mmobile is a California limited liability company which maintains its principle place of business in California. It does business throughout Washington State, including forming contracts and transacting business in this District.

**JURISDICTION AND VENUE**

9. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5 million, exclusive of interest and costs, and (c) none of the exceptions under § 1332(d) apply to this action.

COMPLAINT
No. _____
- 2 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813 ● Fax:  (425) 868-7870

10. This Court has personal jurisdiction over the Defendants because the acts alleged herein occurred in Washington (and, specifically, the Western District of Washington).

11. Venue is proper in this District because one or more Defendants transact business in this District, including by soliciting consumers and entering into contracts with vendors; and all or a substantial number of the text messages at issue were transmitted nationwide from property located in this District.

**COMMON ALLEGATIONS OF FACT**

12. In recent years, marketers who have often felt stymied by federal laws limiting solicitation by telephone, fax machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

13. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

14. A "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

15. Unlike more conventional advertisements, wireless spam typically costs its recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or for a text plan that includes a number of messages, regardless of whether the message is authorized.

16. Defendant B2Mobile acquires lists of consumer cell phone numbers from various third parties.

17. On information and belief, once B2Mobile acquires a list of phone numbers from

COMPLAINT  
No. _____   - 3 -   
LAW OFFICES OF  
CLIFFORD A. CANTOR, P.C.  
627 208th Ave. SE  
Sammamish, WA  98074-7033  
Tel:  (425) 868-7813  ●  Fax:  (425) 868-7870

a third party, it sends massive amounts of spam text message advertisements, including advertisements for Defendant Autobytel, from property located in this District.

18. Over the course of an extended period beginning at least as early as June 2009, Defendants directed the nationwide mass transmission of wireless spam to the cell phones of what they hoped were potential customers of Autobytel's automotive referral services.

19. For instance, in or about October 20, 2009, Plaintiff''s cell phone rang and indicated that a text call was being received.

20. The "from" field of such transmission was identified cryptically as "77893," a format which Plaintiff later learned was an abbreviated telephone number known as an SMS short code operated by Defendant B2Mobile. The body of such text message read:

> DEAL ALERT: CARS FROM $99/MO! AVAIL. IN YOUR AREA!
> GO TO: WWW.CARS499.COM PROMO: 39075
> FOR IMMEDIATE LISTINGS CALL 1-800-387-6230.
> TO END REPLY STOP.

21. The website promoted in the above text message directs consumers to MyRide.com, an automotive referral website operated by Defendant Autobytel.

22. During the previous several months, Plaintiff received numerous additional spam text message advertisements from Defendants that Defendants knowingly sent in violation of Plaintiff's privacy and statutory rights. Such text messages were transmitted to the cellular phones of consumers nationwide by an agent of Defendants located in this District.

23. At no time did Plaintiff consent to the receipt of such text message calls from Defendants.

### CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a class (the "Class") initially defined as all persons in the United States and its Territories who received one or more unauthorized text message advertisements on behalf of Defendants.

COMPLAINT
No. _____
- 4 -
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813 ● Fax:  (425) 868-7870

25. Defendants, in order to make their *en masse* transmission of text message advertisements economical, used lists of thousands of cellular telephone numbers acquired from third parties. As such, the Class consists of thousands of individuals and other entities, making joinder impractical.

26. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class.

27. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

28. Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

29. The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class as a result of the transmission of the wireless spam alleged herein. Plaintiff and the other Class members have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct as a result of the transmission of the wireless spam.

30. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not

COMPLAINT No. _____ - 5 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813 ● Fax: (425) 868-7870

limited to the following:

    (a)    Did Defendants violate 47 U.S.C. § 227 by distributing wireless spam?

    (b)    Are the Class members entitled to treble damages based on the willfulness of Defendants' conduct?

## THEORIES OF RELIEF

## COUNT I

### (Violation of 47 U.S.C. § 227 on behalf of the Class)

31.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

32.    Defendants made unsolicited commercial text calls, including the message shown in paragraph 20, to the wireless telephone numbers of Plaintiff and other members of the Class. Each such text message call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. By using such equipment, Defendants were able to effectively send thousands of text messages nearly simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention.

33.    These text calls were made *en masse* and without the prior express consent of the Plaintiff and the other members of the Class to receive such wireless spam.

34.    Defendant B2Mobile contracted with third parties to acquire lists of phone numbers for the purpose of sending spam text messages on behalf of advertisers for its own monetary gain. Defendant Autobytel contracted with B2Mobile for the purpose of advertising its products and services through spam text messages.

35.    Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' conduct, under section 227(b)(3)(A) and (B), Plaintiff and the other members of the Class are each entitled to, inter alia, an injunction to stop Defendants' violations and a minimum of $500 in statutory damages for each violation of such act.

36.    Because Defendants had knowledge that Plaintiff and other members of the Class

COMPLAINT
No. _____

- 6 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813 ● Fax:  (425) 868-7870

did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class.

## PRAYER

WHEREFORE, Plaintiff Christopher Kramer, on behalf of himself and the Class, prays for the following relief:

(a) An order certifying the Class as defined above;

(b) An injunction requiring Defendants to cease all wireless spam activities;

(c) An award of the greater of actual and statutory damages, trebled as appropriate;

(d) An award of reasonable attorneys' fees and costs; and

(e) Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all issues so triable.

Dated:  November 17, 2009

Respectfully submitted,

s/  Clifford A. Cantor, WSBA # 17893
LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel: (425) 868-7813
Fax: (425) 868-7870

Counsel for Plaintiff

COMPLAINT
No. _____

- 7 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 868-7870